**IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION**

**CIVIL NO. 3:04CV80
(3:01CR90)**

| | | |
|---|---|---|
| **JULIA POWELL,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **vs.** | ) | **MEMORANDUM AND ORDER** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |
| | ) | |

**THIS MATTER** is before the Court on the Petitioner's motion and
amended motion pursuant to 28 U.S.C. § 2255 to vacate, set aside or
correct her sentence and a motion for the appointment of counsel. No
response is necessary from the Government.

## I. STANDARD OF REVIEW

A prisoner in federal custody may attack her conviction and sentence
on the grounds that it is in violation of the Constitution or United States law,
was imposed without jurisdiction, exceeds the maximum penalty, or is
otherwise subject to collateral attack. **28 U.S.C. § 2255.** However,

> [i]f it plainly appears from the face of the motion and any
> annexed exhibits and the prior proceedings in the case that the
> movant is not entitled to relief in the district court, the judge
> shall make an order for its summary dismissal and cause the
> movant to be notified.

**Rule 4, Rules Governing Section 2255 Proceedings for the United States District Courts.** The Court, having reviewed the record of criminal proceedings, enters summary dismissal for the reasons stated herein.

## II. PROCEDURAL HISTORY

On May 8, 2001, the Petitioner was charged with two counts of aiding and abetting bank robbery by force and violence, in violation of 18 U.S.C. §§ 2113(a) and 2. **Bill of Indictment, filed May 8, 2001.** Two different robberies were alleged to have occurred in the indictment. On October 4, 2002, she entered into a plea agreement with the Government pursuant to which she agreed to plead guilty to Count One of the indictment. **Plea Agreement, filed October 4, 2002.** In the plea agreement, Petitioner was advised that she faced a maximum sentence of 20 years imprisonment and waived the right to contest her conviction or sentence on direct appeal or pursuant to 28 U.S.C. § 2255 on any grounds other than ineffective assistance of counsel or prosecutorial misconduct. **_Id._, at 1, 5.**

One month later, the Petitioner attended a Rule 11 hearing and was advised, among other things, of the maximum sentence and her waivers. **Entry and Acceptance of Guilty Plea (Rule 11 Proceeding), filed November 4, 2002.**  As is the custom in this Court, not only did the Petitioner answer each question during the hearing, but she and her attorney signed the Rule 11 Inquiry which was then filed of record.  *Id.*, at **4.**  In that Inquiry, Petitioner acknowledged that her written plea agreement, which the Court reviewed with her, contained a provision waiving her right to appeal her conviction or sentence or to contest it in any collateral proceeding, including a § 2255 petition, on any grounds other than ineffective assistance of counsel or prosecutorial misconduct.  *Id.*, at **3.**  After being advised of the elements of the offense, the Petitioner also acknowledged that her guilty plea was knowing and voluntary, she was satisfied with the services of her attorney, she had discussed with her attorney how the Guidelines applied to her case, no one had coerced or threatened her, and she understood and agreed with the terms of her plea agreement.  *Id.*, **1-4.**

On July 23, 2003, the undersigned sentenced the Petitioner to serve 74 months of imprisonment.  **Judgment in a Criminal Case, filed August**

**18, 2003.**  The Petitioner did not file an appeal; therefore, her conviction became final on August 28, 2003.  On March 1, 2004, Petitioner timely filed this motion pursuant to 28 U.S.C. § 2255 which she amended on August 13, 2004.


### III.  FACTUAL BACKGROUND

The Petitioner's husband, Trint Lamar Powell, confessed to authorities that he robbed three different banks in 2000, two of which were the subject of the Petitioner's indictment.  Powell confessed to the following armed bank robberies:  (1) the April 24, 2000, robbery of Branch Banking & Trust in Waxhaw, North Carolina; (2) the June 20, 2000, robbery of Carolina Bank & Trust Company in Harrisburg, North Carolina; and (3) the July 25, 2000, robbery of First Gaston Bank in Belmont, North Carolina. **Presentence Report, prepared January 30, 2003, at 3-4.**  Powell also told authorities that his wife, the Petitioner, had driven the get away car in all three robberies.  *Id.*, at 5.  When interviewed, the Petitioner admitted involvement in the first robbery, claiming that she acted out of fear of her husband but she denied any involvement with the other two robberies.  *Id.* Indeed, in this motion, the Petitioner admits her involvement in the bank

robbery to which she pled guilty.  ***See,*** **Attachment A to Petitioner's**

**Motion to Vacate.**

## IV.  DISCUSSION

The Petitioner has raised numerous grounds in support of this

motion, including the following: (1) her plea agreement was coerced and

she did not understand the meaning of "aid and abet;" (2) the confession

which she gave to the authorities was not voluntary; (3) her right not to be

prosecuted in violation of the Double Jeopardy Clause of the Constitution

was violated; (4) she did not receive effective assistance of counsel; (5)

her attorney withheld evidence of a letter which contained exculpatory

information; (6) her sentence was illegally enhanced because she was not

given an adjustment for acceptance of responsibility[1] or minor role and was

enhanced for the presence of a firearm; (7) she was unconstitutionally

deprived of the right to attend the grand jury hearing of her case; and (8)

her conviction is in violation of *Apprendi v. New Jersey*, 530 U.S. 466

(2000), and *Blakely v. Washington*, 542 U.S. 296 (2004).

---

[1]In fact, however, the Petitioner did receive a three-point adjustment for acceptance of responsibility.  **Presentence Report, *supra*, at 7.**

To the extent that the Petitioner raises grounds based on anything other than ineffective assistance of counsel or prosecutorial misconduct, she waived her right to raise such issues in a motion pursuant to § 2255 in her plea agreement.  Based on the Petitioner's plea agreement, her signature on the Rule 11 Inquiry, the advice she received from the Court at the Rule 11 hearing, and her representations in open court during that hearing, the Court finds Petitioner made a knowing and voluntary waiver of the right to attack her conviction or sentence by a collateral proceeding such as a § 2255 motion.  ***See, United States v. Lemaster*, 403 F.3d 216, 220-21 (4th Cir. 2005) ("[W]e hold that a criminal defendant may waive [her] right to attack [her] conviction and sentence collaterally, so long as the waiver is knowing and voluntary. . . .  [A] defendant's solemn declarations in open court affirming [a plea] agreement . . . carry a strong presumption of verity because courts must be able to rely on the defendant's statements made under oath during a properly conducted Rule 11 plea colloquy." (internal quotations and citations omitted)); *United States v. General*, 278 F.3d 389 (4th Cir. 2002); *United States v. Brown*, 232 F.3d 399 (4th Cir. 2000); *United States v. Hoyle*, 33 F.3d 415, 418 (4th Cir. 1994).**  The claims 1, 2, 3, 6 and 7 as enumerated

above are dismissed without further discussion or a hearing.  *Lemaster,*

*supra.*

In considering Petitioner's claims that she has not received adequate

assistance of counsel,

> [f]irst, the defendant must show that counsel's performance
> was deficient.  This requires showing that counsel made errors
> so serious that counsel was not functioning as the "counsel"
> guaranteed the defendant by the Sixth Amendment.  Second,
> the defendant must show that the deficient performance
> prejudiced the defense.  This requires showing that counsel's
> errors were so serious as to deprive the defendant of a fair trial,
> a trial whose result is reliable.

*Strickland v. Washington*, 466 U.S. 668, 686 (1984).  Unless a defendant

makes both showings, her claim of ineffective assistance of counsel must

fail.  *Id.*  Thus, a defendant must show that counsel's performance fell

below objective standards of reasonableness, and, that but for counsel's

conduct, there was a reasonable probability the result would have been

different.  *Id.*, at 688; *Hill v. Lockhart*, 474 U.S. 52 (1985); *Fields v.*

*Attorney Gen.*, 956 F.2d 1290 (4th Cir. 1992) (**In order to obtain relief**

**from a guilty plea on the basis of ineffective assistance of counsel, a**

**defendant must show both that counsel was incompetent and but for**

**that incompetence, she would not have pled guilty).**  If the defendant

fails to make the first showing, there is no need to consider the second.
***Strickland, supra***.

Petitioner first claims that her attorney failed to consult with her on important decisions and did not inform her of developments in the case. The Petitioner admits she was interviewed by United States Marshals in December 2000 about the bank robberies and admits she confessed to the first robbery during that interview. However, she complains that she was not arrested for that robbery until July 2001. How this relates to her attorney's performance is not explained.

The Petitioner then states that her attorney only spent ten minutes with her in discussion about the case but told her she was only facing two and one-half years of prison. This claim is clearly refuted by the Petitioner's statements in open court acknowledging the maximum possible sentence of 20 years. ***Lemaster*, 403 F.3d at 221-22.** "[I]n the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established and a district court should, without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements." ***Id.* (internal citations omitted).** As noted above, during the Rule 11 hearing,

the Petitioner acknowledged that she had told her attorney everything she wanted her to know, had discussed the plea agreement, the sentencing guidelines and her possible sentence and wanted the Court to accept her plea. ***Id.* (rejecting defendant's argument that his attorney had failed to inform or misinformed him of the potential punishment).** Indeed, the Petitioner told the Court that she was very satisfied with her attorney's performance.

Moreover, in contrast to her claim that her attorney only spent ten minutes with her, the Petitioner expounds in her motion on other meetings with her attorney. She reports that when her attorney first presented the plea agreement, the Petitioner declined to accept the agreement. However, the Petitioner also reports that her attorney called her the next day or so to ask her to reconsider the proposed plea agreement because the Government was threatening to enhance her sentence due to the use of a gun by the Petitioner's husband during the robberies. The Petitioner's claims that her attorney ignored her or failed to prepare the case are, therefore, rejected.

However, the Petitioner claims that her sentence was, in fact, enhanced for the use of a firearm. Thus, she claims that she did not

receive the benefit of her plea bargain. The short answer to this argument is that the enhancement was levied on the Petitioner by the undersigned; it was not a matter over which the Petitioner's attorney had any control. And, while it is true that the Petitioner's offense level was enhanced because her husband brandished a firearm during the robbery, she pled guilty to aiding and abetting that robbery. It was thus entirely appropriate that her offense level should be increased. The benefit gained by the Petitioner from the plea agreement was that she was not convicted of the second and third robberies, each of which also involved the use of a gun. The indictment charged her with two of the three robberies, meaning that the Petitioner faced a potential sentence of 40 years for two bank robberies. The Petitioner claims that the Government threatened her with a 12 year sentence if she did not plead guilty to the first count of the indictment, a sentence it would achieve based on the use of the gun. Her attorney negotiated a plea agreement pursuant to which she was allowed to plead guilty to one count of bank robbery, a plea which exposed her to a 20 year sentence. However, the Petitioner actually received a sentence of 74 months, far less than the 20-year (240 months) sentence which she faced. It was also less than the 12-year (144 months) sentence with which the

Petitioner claims she was threatened if she did not plead guilty to Count One.  **United States v. Gastelum-Almeida, 298 F.3d 1167 (9ᵗʰ Cir. 2002) (There is no prosecutorial misconduct when a superseding indictment is filed after a defendant rejects a plea offer even where the prosecutor had promised not to supersede if the original offer were accepted.); United States v. Suarez, 263 F.3d 468 (6ᵗʰ Cir. 2001) (Threatening to supersede during plea negotiations is permissible as long as the new charges are supported by probable cause.); United States v. Lampley, 127 F.3d 1231 (10ᵗʰ Cir. 1997).**

Moreover, to the extent the Petitioner claims her attorney failed to review the presentence report with her, that allegation is rejected.  **Lemaster, supra.**  "Unsupported, conclusory allegations do not entitle a" prisoner to relief.  **United States v. Golden, 37 Fed. Appx. 659 (4ᵗʰ Cir. 2002) (citing Nickerson v. Lee, 971 F.2d 1125, 1136 (4ᵗʰ Cir. 1992)); accord, United States v. Robinson, 64 F.3d 403 (8ᵗʰ Cir. 1995); United States v. Bell, 44 Fed. Appx. 418 (10ᵗʰ Cir. 2002).**

The Petitioner also claims that her husband wrote a letter to her attorney explaining "her true involvement" with the robberies.  Nothing further is explained.  Allegations that are "vague, conclusory or palpably

incredible" are insufficient to warrant § 2255 relief. *Machibroda v. United States*, 368 U.S. 487, 495 (1962); *Sayre v. Anderson*, 238 F.3d 631, 635-36 (5th Cir. 2001); *Koskela v. United States*, 235 F.3d 1148 (8th Cir. 2001); *e.g.*, *Bruce v. United States*, 256 F.3d 592, 598 (7th Cir. 2001). Nonetheless, the Petitioner has admitted in this motion that she was involved in the first bank robbery, thus admitting her "true involvement." That having been the case, her attorney certainly acted appropriately and competently in negotiating a plea agreement to one, not three, bank robberies. The allegation that the attorney secreted the letter for fear of upsetting the prosecutor is spurious and speculative. *Id.; Lemaster, supra; Golden, supra.* And, it is telling that the Petitioner has not provided a copy of the letter, detailed its contents or explained in what manner it was exculpatory.[2] *Sayre, supra.* This is insufficient to warrant relief on a § 2255 motion.

Next, the Petitioner argues that her attorney failed to advise her that she had the right to appeal her sentence and conviction, thus depriving her

---

[2]To the extent that such a letter would have reiterated that the Petitioner drove the get away car, as opposed to actually entering the bank during the robbery, it merely would prove that she was guilty of aiding and abetting. Indeed, the Petitioner could have been charged with the substantive offense of bank robbery.

of that right.  The Petitioner, who provided an affidavit, did not aver

anything regarding her attorney and the lack of advice concerning an

appeal.  And, she does not allege that she instructed her attorney to file an

appeal, merely that advice regarding the same was not given.

> In order to establish a Sixth Amendment violation based on
> counsel's failure to appeal, [the Petitioner] must prove that (1)
> counsel was ineffective and (2) but for counsel's
> ineffectiveness, an appeal would have been filed.

*United States v. Witherspoon*, 231 F.3d 923, 926 (4th Cir. 2000).  Here,

the Petitioner's plea agreement contained a waiver of her right to a direct

appeal on any grounds other than ineffective assistance of counsel or

prosecutorial misconduct.  There is no evidence of prosecutorial

misconduct and the Fourth Circuit Court of Appeals will not consider

ineffective assistance of counsel on direct appeal unless the record shows

conclusively that effective assistance was not rendered.  *United States v.*

*Freeman*, 11 Fed. Appx. 192 (4th Cir. 2001) (citing *United States v.*

*King*, 119 F.3d 290, 295 (4th Cir. 1997)).  That Court has relegated such

claims, in all but the most obvious situations, to motions pursuant to §

2255.  *Id.*  During the Rule 11 inquiry, the Petitioner openly acknowledged

that she understood she was waiving her right to direct appeal.  And, at the

conclusion of the sentencing hearing, the undersigned advised the

Petitioner of her limited right to appeal.  The Petitioner "would have been naive indeed to suppose that [she] could have [her] cake (*viz.*, significantly reduced jail time) and eat it too (*viz.*, an appeal)."  ***United States v. Ciampi*, 419 F.3d 20, 27 (1ˢᵗ Cir. 2005).**  Thus, a direct appeal in this case would have been dismissed because of the waiver and counsel was not ineffective.

> [Nonetheless,] [a]n attorney who fails to file an appeal after being instructed by his client to do so is *per se* ineffective. [Here, the Petitioner does not make such an allegation.] When a client does not specifically instruct counsel to appeal, however, whether counsel has been ineffective by failing to appeal depends upon "whether counsel in fact consulted with the defendant about an appeal."  In this context, "consult" "convey[s] a specific meaning – advising the defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes." If counsel has not consulted with [her] client, the court must then ask whether the failure to consult itself constitutes deficient performance.  The Sixth Amendment requires counsel to consult with the defendant concerning whether to appeal when counsel has reason to believe "either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing."

***Witherspoon, supra* (quoting *Roe v. Flores-Ortega*, 528 U.S. 470, 478, 480 (2000)).**  In this case, a rational defendant would not have wanted to appeal because she had already waived all of her appeal rights with the

exception of the one which the Fourth Circuit would not entertain on direct appeal. Moreover, the Petitioner has not alleged that she demonstrated to counsel in any manner that she wanted to appeal. In fact, this case falls within the parameters of the example provided by the United States Supreme Court in *Roe*: a defendant who negotiated and received a plea agreement with the Government which resulted in a much lower sentence than faced under the statute and who expressed both to counsel and the Court her satisfaction with that agreement and the performance of counsel. *Id.* The Petitioner does not allege that she expressed any interest in appealing and her attorney would have easily concluded that there were no nonfrivolous grounds for an appeal. *Id.*

Because Petitioner failed to show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," the second prong of *Strickland* need not be reached.

Finally, the Petitioner claims she is entitled to relief based on the *Apprendi* and *Blakely* decisions. The Supreme Court held in *Apprendi* that other than a prior conviction, any fact that increases the penalty for a crime *beyond the prescribed statutory maximum* must be submitted to the jury

and proven beyond a reasonable doubt.  Besides the fact that the Petitioner entered into a guilty plea, she is mistaken that *Apprendi* would apply to her case in any event because her sentence is not beyond the prescribed statutory maximum sentence of 20 years.  ***See, e.g., United States v. Bradford*, 7 Fed. Appx. 222, 223 n.\* (4th Cir. 2001) (citing *United States v. White*, 238 F.3d 537, 542 (4th Cir. 2001)).**

In *Blakely*, the Supreme Court held that Washington State's statutory sentencing scheme violated *Apprendi* because the sentencing court used aggravating factors, to which the defendant had not stipulated in his plea agreement, to enhance the defendant's sentence above the sentencing guideline range.  However, *Blakely* does not apply retroactively to convictions, like the Petitioner's, that were final at the time that case was decided.  ***United States v. Price*, 400 F.3d 844 (10th Cir. 2005); *Varela v. United States*, 400 F.3d 864 (11th Cir.), *cert. denied*, 126 S. Ct. 312 (2005); *Cooper-Smith v. Palmateer*, 397 F.3d 1236 (9th Cir.), *cert. denied*, 126 S. Ct. 442 (2005); *Green v. United States*, 397 F.3d 101, 103 (2d Cir. 2005); *United States v. Marshall*, 117 Fed. Appx. 269 (4th Cir. 2004).**  The Petitioner's conviction became final in 2003; thus, *Blakely* could not be retroactively applied in any event.

To the extent that the Petitioner may have asserted a claim pursuant to *United States v. Booker*, 543 U.S. 220 (2005), that claim is rejected as well.  In *Booker*, the Supreme Court held that the United States Sentencing Guidelines, as a mandatory sentencing procedure, are unconstitutional but that they may be used as an advisory guide by sentencing courts.  The Fourth Circuit, as well as every circuit court which has addressed the issue of whether *Booker* may be applied retroactively to cases on collateral review, has held that *Booker* is not retroactive.  **United States v. Morris, 429 F.3d 65 (4ᵗʰ Cir. 2005) (Although *Booker* is a new rule of constitutional law, it is not a watershed rule and therefore does not apply retroactively to cases on collateral review.); *United States v. Fowler*, 133 Fed. Appx. 922 (4ᵗʰ Cir. 2005) ("Neither *Booker* nor *Blakely* announced a new rule of constitutional law made retroactive by the Supreme Court to cases on collateral review."); *United States v. Cruz*, 423 F.3d 1119 (9ᵗʰ Cir. 2005); *United States v. Bellamy*, 411 F.3d 1182 (10ᵗʰ Cir. 2005); *Lloyd v. United States*, 407 F.3d 608 (3d Cir.), *cert. denied*, 126 S. Ct. 288 (2005); *Guzman v. United States*, 404 F.3d 139 (2d Cir.), *cert. denied*, 126 S. Ct. 731 (2005); *Humphress v. United States*, 398 F.3d 855 (6ᵗʰ Cir.), *cert. denied*, 126 S. Ct. 199 (2005);**

***McReynolds v. United States***, 397 F.3d 479, 481 (7th Cir.), ***cert. denied***, 125 S. Ct. 2559 (2005) (**"We conclude, then, that *Booker* does not apply retroactively to criminal cases that became final before its release on January 12, 2005."**); ***Green, supra***; ***In re Anderson***, 396 F.3d 1336, 1339 (11th Cir. 2005).

## V.  ORDER

**IT IS, THEREFORE, ORDERED** that the Petitioner's motion for the appointment of counsel is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that the Petitioner's motion and amended motion pursuant to 28 U.S.C. § 2255 are **DENIED.**  A Judgment is filed herewith.  The Clerk is directed to serve this Memorandum and Order and the Judgment on the United States Attorney and Petitioner's counsel, Tamla Scott.

Signed: February 1, 2006

Lacy H. Thornburg
United States District Judge