# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

## CRIMINAL NO. 3:01CR90

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| JULIA POWELL ) | |

**THIS MATTER** is before the Court on Defendant's "Motion to Correct Order of Judgment," filed January 22, 2008, pursuant to Fed. R. Crim. P. 36.

This is Defendant's third attack on the restitution order included in the Judgment of Conviction. *See* **Motion to Amend Judgment Order of Payment of Restitution, filed March 8, 2004;** *Powell v. United States*, **Civil No. 3:07CV210, filed May 21, 2007 (action pursuant to 28 U.S.C. § 2241).** The instant motion represents the Court's Judgment of August 18, 2003, as stating that Defendant "shall pay the assessment fee of $100.00 immediately and the restitution would commence sixty (60) days after her release date." **Defendant's Motion to Correct Order of Judgment, filed**

**January 22, 2008, at 1.** Defendant also alleges that "Alderson Federal Prison Camp has misinterpreted [the Judgment] to read 'all monies should be paid immediately or sixty (60) days after the petitioner's release.'" **Id.**

The Judgment, however, unequivocally states that "payment of the *total criminal monetary penalties* shall be due as follows: . . . payable immediately; or . . . in monthly installments of not less than $50.00 to commence 60 days after the release from imprisonment until paid in full . . . . [P]ayment of criminal monetary penalties shall be due during the period of imprisonment." **Judgment in a Criminal Case, filed August 18, 2003, at 5 (first emphasis added).**

As these instructions are perfectly clear, the Court finds no error in the Judgment that needs to be corrected under Rule 36.

**IT IS, THEREFORE, ORDERED** that the Defendant's motion to correct Judgment is hereby **DENIED.**

Signed: January 29, 2008

Lacy H. Thornburg
United States District Judge